IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| ANDREW SANDVIG,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN LARSON, KAREN TOWNSEND, ED McLEAN, SCOT PIERSON, SHAWN THOMAS, KATHLEEN BACCARI, and FRED VAN VALKENBURG,<br><br>Defendants. | Cause No. CV 13-00070-M-DWM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Andrew Sandvig's Motion to Proceed in Forma Pauperis (Dkt. 1) and proposed Complaint. (Dkt. 2). After conducting the prescreening process mandated by 28 U.S.C. § 1915, the Court finds that Sandvig's Complaint fails to state a claim upon which relief may be granted and it will be recommended for dismissal.

I. **Motion to Proceed in Forma Pauperis**

Sandvig submitted a declaration sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

1

## II. Statement of Case

### A. Parties

Sandvig is proceeding without counsel. He names John Larson, Karen Townsend, Ed McLean, Scott Pierson, Shawn Thomas, Kathleen Baccari, and Fred Van Valkenburg as Defendants.

### B. Factual Background

According to the documents attached to the Complaint, Sandvig was sentenced by Judge Ed McLean on July 8, 2009 for his fourth driving under the influence offense and driving with a suspended or revoked license. Sandvig was sentenced to the Department of Corrections for thirteen months followed by five years probation. Sandvig was released to community supervision on February 20, 2010. (Dkt. 2-1, pp. 5-8).

On or about January 2, 2012, Sandvig was placed into custody by his probation officer, Kathleen Baccari, for a suspected violation of his probation. (Dkt. 2-1, p. 1). Sandvig appeared before Judge John Larson on January 2, 2012. Judge Larson ordered that Sandvig be released after a 72-hour hold on January 4, 2012. (Dkt. 2-1, pp. 1-2). On January 3, 2012, Sandvig appeared with counsel in front of Judge Karen Townsend for what appears to be a bail hearing. Judge Townsend notified the parties that she was prosecutor in a different cause

involving Sandvig but there was no objection to Judge Townsend presiding in the proceedings. Bail was set at $20,000.00. (Dkt. 2-1, p. 3). A petition to revoke the suspended sentence was filed on January 11, 2012. (Dkt. 2-1, pp 5-6). Defendant Shawn Thomas was the Deputy County Attorney on the petition for revocation. (Dkt. 2-1, pp. 5-6).

It is not clear from the Complaint and the attachments whether or not his probation was revoked.

**C. Allegations**

Sandvig first makes a claim of double jeopardy arguing that Judge Townsend perjured herself several times during the third appearance in this matter. (Dkt. 2, p. 6). He contends Judge Larson allowed him to be released after a 72 hour hold but the next day he was brought before Judge Townsend. He contends Judge Townsend lied and said he had been in her court a lot of times. He alleges defamation of character. He argues that Kathleen Baccari has no right convicting one probationer over another especially not knowing the person. (Dkt. 2, p. 6).

## III.  Screening per 28 U.S.C. § 1915a

As Sandvig is proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 which allows for the dismissal of a complaint filed in forma pauperis before it is served upon the defendants if it is frivolous,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant

leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## IV. Analysis

### A. Challenge to Conviction

It is difficult to discern the precise nature of Sandvig's claims but it is clear that he is attempting to challenge his conviction and/or probation revocation. He cannot do so with a civil action filed pursuant to 42 U.S.C. § 1983. Any such claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Heck*, 512 U.S. at 487.

A finding that Sandvig's rights were violated during his criminal

5

proceedings would necessarily imply the invalidity of his conviction or probation revocation. The Montana Department of Corrections website indicates Sandvig is still being supervised by Missoula Probation and Parole. [www.app.mt.gov/conweb](www.app.mt.gov/conweb). Thus, it does not appear that his conviction and/or probation revocation have been reversed, declared invalid, expunged, or called into question. Sandvig's claims challenging his probation revocation or underlying conviction are barred by *Heck* and will be recommended for dismissal.

### B. Judicial Immunity

State court judges are absolutely immune from monetary damages for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside their judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). Judges Larson,

Townsend, and McLean's conduct during Sandvig's court proceedings are clearly within their official duties. These judges had subject-matter jurisdiction over Sandvig's court proceedings and they are entitled to judicial immunity from monetary damages.

### C. Prosecutorial Immunity

County Attorney Fred Van Valkenburg and Deputy County Attorney Shawn Thomas are entitled to absolute prosecutorial immunity. Prosecutorial immunity protects eligible government officials who perform functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "Such immunity applies even if it leaves the genuinely wronged [plaintiff] without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)(en banc). Acts undertaken by a prosecutor "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," are entitled to the protection of absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).

While Sandvig makes no specific allegations against these Defendants, his claims all stem from his criminal court proceedings. Actions taken during a preliminary hearing, arraignment, bail hearing, and/or revocation hearing clearly

arise from Defendants Van Valkenburg and Thomas's duties as prosecuting attorneys. These are functions associated with the judicial phase of the criminal proceedings. As such, Mr. Van Valkenburg and Mr. Thomas are entitled to immunity and all claims against them will be recommended for dismissal.

## V. Conclusion

Sandvig's claims are barred by the *Heck* doctrine and Defendants Larson, Townsend, McLean, Thomas and Van Valkenburg are entitled to immunity. These are not defects which could be cured by amendment. The Complaint should be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Sandvig's Motion to Proceed in Forma Pauperis (Dkt. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Dkt. 2) to remove the word "LODGED" and the Complaint is deemed filed on April 1, 2013.

3. At all times during the pendency of this action, Sandvig shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Sandvig may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Sandvig files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which

objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Sandvig from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of May, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge