

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANDREW SANDVIG,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN LARSON, KAREN TOWNSEND, ED McLEAN, SCOT PIERSON, SHAWN THOMAS, KATHLEEN BACCARI, and FRED VAN VALKENBURG ,<br><br>Defendants. | CV 13-70-M-DWM<br><br>ORDER |

Before the Court are the Findings and Recommendations of United States Magistrate Judge Jeremiah C. Lynch. No objection was timely filed to Judge Lynch's recommendation that Plaintiff Sandvig's Complaint be dismissed for failure to state a claim upon which relief can be granted.

The Court reviews the Findings and Recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

After a review of Judge Lynch's Findings and Recommendations, I find no

clear error. Plaintiff challenges his conviction with a civil action filed under 18 U.S.C. § 1983. Direct challenge to a criminal conviction is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

> "[I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

*Id.* at 486-87. Plaintiff is still under supervision by Montana Probation and Parole. His Complaint therefore fails to present a claim upon which relief might be granted because his conviction has not been reversed, declared invalid, expunged or called into question.

Furthermore, Defendants Larson, Townsend, McLean, Van Valkenburg, and Thomas are entitled to immunity. State court judges are absolutely immune from monetary damages for their official judicial acts, unless the judge acts outside their judicial capacity or without jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). A prosecutor is absolutely immune for acts in preparation "for the initiation of judicial proceedings or for trial . . . in the course of his role as an advocate for the State[.]" *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).

IT IS ORDERED that Judge Lynch's findings and recommendations (doc. 4) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that the Clerk of Court shall close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court shall ensure the docket reflects the Court's certification pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this ___ day of May, 2013.

Donald W. Molloy, District Judge
United States District Court